IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,258-01






EX PARTE ALAN RANDOLPH CARTER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 686485D IN THE 371ST DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. Applicant was convicted of murder and
punishment was assessed at confinement for thirty-five years. The conviction was
affirmed on appeal, Carter v. State, No. 02-00-251-CR, (Tex. App.- Fort Worth, delivered
August 27, 2001, no pet.).

 Applicant contends that his trial counsel was ineffective, inter alia, because he did
not request an instruction limiting the admissibility to impeachment for prior inconsistent
statements of a witness. The trial court has made findings of fact that counsel did not
request a limiting instruction because he did not believe the record supported the
instruction, and that counsel attempted to show that the statements were not credible. 
However, we do not believe that those factual findings are sufficient to completely
resolve the issues presented because they do not show why counsel believed the
instruction was not necessary, or why such an instruction would have been inconsistent
with a strategy to discredit the statements themselves.

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is ordered to conduct an
evidentiary hearing at which Applicant would have an opportunity to prove his
allegations, and the trial court is not limited to the above issues if the court believes other
facts relevant to the legality of Applicant's confinement should be determined.

 The trial court should then make additional findings of fact as to whether the
statements were admitted for any purpose other than impeachment, why counsel did not
believe the limiting instruction was necessary, whether a limiting instruction would have
been incompatible with a strategy to discredit the statements, and whether any evidence
was presented to show Applicant either killed the complainant or was a party to the
killing other than evidence of motive, proximity to the offense, and the challenged
statements. The court may also make findings of fact as to any other matters the court
deems relevant to the legality of Applicant's confinement.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (1) 
The trial court's findings of fact, a transcription of the court reporter's notes, and any other
supplementation of the record shall be returned to this Court within 120 days of the date
of this order. (2) 

DELIVERED: May 24, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. Any extensions of this time period should be obtained from this Court.